IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01732-WYD-KMT

MEEPER, LLC, a Delaware limited liability company,

    Plaintiff,

v.

JOYCE L. LESTER;
CHARLES C. POWERS;
SUZY SMITH WOODARD; and
DAVIS ENGINEERING SERVICE, INC., a Colorado corporation,

    Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant Charles C. Powers' ["Powers"] Motion to Dismiss Plaintiff's Negligent Misrepresentation Claim filed December 12, 2012.  A response was filed on January 4, 2013, and a reply was filed on January 21, 2013.  For the reasons discussed below, Defendant Powers' motion is granted.

II.    <u>ANALYSIS</u>

Powers argues that in this legal malpractice action, Plaintiff improperly attempts to turn a single claim of negligence into two duplicate claims, and that Colorado law does not permit this.  That is because Plaintiff attempts to bring two negligence claims based on the same allegedly incorrect legal advice, distinguishing Powers' arrival at allegedly erroneous legal conclusions from his communication of those conclusions to

Plaintiff. Even if taken as true, Powers argues that these allegations support only a single claim of professional negligence, and that the negligent misrepresentation claim is subsumed into that claim because it is duplicative of the claim.

The parties have not cited to any cases from Colorado courts addressing whether or under what circumstances a negligent misrepresentation claim could be deemed duplicative of a legal professional malpractice claim. The Colorado Court of Appeals has held, however, that a claim for breach of a fiduciary duty is duplicative of a claim for professional negligence when the alleged violations of duty are "grounded upon the lawyers' alleged negligence and lack of due diligence." *Moguls of Aspen, Inc. v. Faegre & Benson*, 956 P.2d 618, 621 (Colo. App. 1997). In other words, the claims are duplicative when the allegations as to breach of fiduciary duty implicate defendants' actions only in a negligence or malpractice context. *Id.* at 620-21. Separate claims may only be asserted "[i]f a claimed fiduciary violation is separate and independent from any alleged negligence." *Id.* at 621; *accord Aller v. Law Office of Carole C. Schreifer, P.C.*, 140 P.2d 23, 27-28 (Colo. App. 2005) ("When a legal malpractice claim and a breach of fiduciary claim arise from the same material facts, the breach of fiduciary duty claim should be dismissed as duplicative . . . there is no reason to distinguish a legal malpractice suit based on negligence from one based on a breach of fiduciary care if all that is alleged is an attorney's breach of the standard of care.").

Courts have also dismissed a breach of contract claim against an attorney as being duplicative of a professional negligence claim. Thus, in *McLister v. Epstein & Lawrence, P.C.*, 934 P.2d 844 (Colo. App. 1996), the plaintiff sued an attorney for both

malpractice and breach of contract.  Plaintiff's contract claim was based on a provision in the contract that defendants would provide legal representation "faithfully and with due diligence."  *Id.* at 847.  The Court of Appeals found no error with the dismissal of that claim, stating:

> The contract provision at issue here did not include an undertaking to perform a specific act or achieve a particular result, but was simply a restatement of the duties of care and loyalty that attorneys owe to their clients. As the trial court held, plaintiff's breach of contract claim was encompassed within his malpractice claim. *See International Tele-Marine v. Malone & Associates,* [845 F. Supp. 1427 (D. Colo. 1994)] (claim for breach of attorney-client contract for failure to render legal services in "skillful, competent, and professional manner" dismissed when fair reading of pleadings indicated it was simply pled as an alternative to malpractice claim).

*Id.*

I believe that this same type of analysis should be applied to a negligent misrepresentation claim when it arises from the duties owed to a client by an attorney as part of his or her legal misrepresentation.  I first note that a negligent misrepresentation claim, like a breach of fiduciary duty claim, involves establishment of a duty owed by the defendant and breach of that duty.  *Crystal Homes, Inc. v. Radetsky*, 895 P.2d 1179, 1183 (Colo. App. 1995).  Thus, the cases dismissing a breach of fiduciary duty claim as duplicative of a professional negligence claim appear applicable to a negligent misrepresentation claim implicating the attorney's duty to his client in connection with his representation.

Second, my finding is supported by the Colorado Supreme Court's holding in *Allen v. Steele*, 252 P.3d 476 (Colo. 2011).  In that case, the court held that prospective clients of an attorney who never established an attorney-client relationship with the

attorney were allowed only to sue for negligent misrepresentation, and not professional negligence since "attorneys do not owe a duty of reasonable care to non-clients– either for legal malpractice or under the ethical rules." *Id*. at 485.  The court pointed out, however, that if an attorney-client relationship had been established, then the plaintiffs' allegation that the attorney had provided incorrect information "would constitute a typical claim of malpractice", as compared to negligent misrepresentation.  *Id*. at 486.  This case presents that situation–where an attorney client relationship was established and Plaintiff alleges that the attorney provided incorrect information in connection with same.

Thus, the appropriate claim asserted by Plaintiff is the malpractice claim, not the negligent misrepresentation claim.  Stated differently, a negligent misrepresentation in this context "is a legal malpractice claim based on negligence because it arises from the representation of a client and involves the fundamental aspects of an attorney-client relationship."  *Aller*, 140 P.3d at 27.  The violations of duty at issue here were grounded upon the lawyer's alleged negligence, and should be asserted as part of the professional malpractice claim.  *Moguls of Aspen, Inc.*, 956 P.2d at 621.

This finding is also supported by the fact that the negligent misrepresentation claim and professional malpractice claim arise from the same facts.  Both claims arise from the purchase contract and warranty deeds drafted by Plaintiff's counsel for Plaintiff's purchase of real property from co-defendant Joyce L. Lester.  The claims allege that the deeds failed to convey the property agreed upon, and that Powers negligently represented to Plaintiff that Mrs. Lester owned the property described in the purchase contract which was not accurate.  In other words, both claims essentially

assert that Powers negligently prepared documents and then negligently communicated his beliefs about the documents' effectiveness to his client. While Plaintiff attempts to separate the act of drafting of the documents from the representations made by the attorney, both involve the duty of care of an attorney in representing his client. Indeed, the expectation that an attorney will communicate, i.e., make representations, concerning the legal work he or she performs on a client's behalf is fundamental to an attorney's standard of care.[1] Based on the foregoing, I agree with Defendant Powers that Plaintiff's negligent misrepresentation claim is duplicative of the professional malpractice claim and should be dismissed. Accordingly, it is

ORDERED that Defendant Charles C. Powers's Motion to Dismiss Negligent Misrepresentation Claim (ECF No. 23), filed December 12, 2012, is **GRANTED**. Plaintiff's negligent misrepresentation claim is **DISMISSED** as to Defendant Charles C. Powers only.

Dated: March 11, 2013.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] This distinguishes Plaintiff's claims from the case relied on by Plaintiff, *Bloskas v. Murray*, 646 P.2d 907 (Colo. 1982). There, the court held that a negligent misrepresentation claim against a physician was not subsumed within an informed consent claim or medical malpractice claim where the negligent misrepresentation was made as to facts which were "extrinsic to his duty to warn but which nonetheless influence the patient's decision about treatment." *Id.* at 914-15. Here, the facts that Powers is alleged to have negligently misrepresented were intrinsic to, not extrinsic to, his duty of care as Plaintiff's attorney.