IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-01732-WYD-KMT

MEEPER, LLC, a Delaware limited liability company,

    Plaintiff,

v.

JOYCE L. LESTER;
CHARLES C. POWERS;
SUZY SMITH WOODARD; and
DAVIS ENGINEERING SERVICE, INC., a Colorado corporation,

    Defendants.

## ORDER

THIS MATTER comes before the Court on the Motion to Bifurcate and Stay Claims Against Defendant Charles C. Powers filed December 12, 2012.  For the reasons set forth below, I find that the Motion should be denied.

By way of background, this case involves the purchase of a parcel of undeveloped ranch land located in Rio Grande County, Colorado.  Plaintiff alleges that the sellers, Freeman H. Lester and Joyce L. Lester, failed to convey 640 acres of real property and an easement to access to the property in the purchase contract, despite representations that they would be conveyed.  Plaintiff also alleges that Defendants' later attempts to amend the legal descriptions contained in the closing documents failed to convey the 640 acres and/or the access easement.  Defendant Suzy Smith Woodard ("Woodward") was Plaintiff's real estate agent, and Defendant Charles C. Powers ("Powers") was Plaintiff's attorney and title agent for the transaction.

Plaintiff asserts equitable claims for implied easement by necessity, quiet title, and reformation against Defendant Joyce Lester seeking conveyance of the entire 640 acres of property and the access easement, as well as claims of fraudulent concealment/misrepresentation and fraud in the inducement/rescission. Plaintiff also asserts negligent misrepresentation claim against all Defendants, professional negligence claims against Defendants Woodward and Powers, and claims against Davis Engineering Service, Inc.

Powers' motion at issue seeks to bifurcate and stay the claims against him, arguing that Plaintiff is attempting to insert a legal malpractice claim into the underlying property dispute. Powers asserts that the Court should exercise its discretion under Fed. R. Civ. P. 42 and stay the malpractice case against him pending resolution of the underlying dispute.

Turning to my analysis, Fed. R. Civ. P. 42(b) allows a court to birfurcate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize. . . ." District courts have broad discretion in deciding whether to bifurcate or sever issues for trial. *U.S. ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010). "It is the interest of efficient judicial administration that is . . . controlling under the rule, rather than the wishes of the parties." 9A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2388 (3d ed. 2012). Bifurcation is not an abuse of discretion if the interests in Rule 42(b) "favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 964 (10th Cir. 1993). "If, however, the preliminary and separate trial of an issue will involve extensive proof and substantially the same facts or

witnesses as the other issues in the cases, or if any saving in time and expense is wholly speculative", separate trials are usually denied.  9A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2388.

In the case at hand, I find that bifurcation and/or a stay of the claims against Powers is not appropriate.  While Powers characterizes the claims against him as purely legal malpractice claims, there is also a negligent misrepresentation claim pending against all the Defendants.  The jury must determine whether all the Defendants, including Powers, made negligent misrepresentations during the course of the sale of the property related to the sellers' possession of an ownership interest in the Access Easement Road and whether 2005 and 2007 deeds conveyed an easement over the Access Easement Road and 640 acres of real property to Plaintiff.  (*See* Compl. ¶¶ 89-94, ECF No. 1).  Thus, the issues are not purely separable, and it would make no sense from an efficiency standpoint to bifurcate this claim as to Powers.  Further, I find that the professional negligence claim against Powers will involve many of the same facts and witnesses as the other issues in the cases, and that any saving in time and expense in separating that claim would be minimal at best.  Accordingly, it is

ORDERED that the Motion to Bifurcate and Stay Claims Against Defendant Charles C. Powers (ECF No. 22) is **DENIED**.

Dated:  April 18, 2013

              BY THE COURT:

              s/ Wiley Y. Daniel
              Wiley Y. Daniel
              Senior United States District Judge