IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01732–WYD–KMT

MEEPER, LLC, a Delaware limited liability company,

    Plaintiff,

v.

CHARLES C. POWERS, and
DAVIS ENGINEERING SERVICE, INC., a Colorado corporation,

    Defendants.

---

## ORDER

---

This matter is before the court on "Plaintiff's Motion for Leave to File First Amended Complaint." (Doc. No. 94, filed May 9, 2014.) "Defendants Charles C. Powers's Response to Plaintiff's Motion for Leave to File First Amended Complaint" was filed on June 24, 2014 (Doc. No. 101) and "Defendant Davis Engineering, Inc.'s Response to Plaintiff's Motion for Leave to file a First Amended Complaint" was filed on June 26, 2014 (Doc. No. 102). Plaintiff's Reply was filed on July 14, 2014 (Doc. No. 110). For the following reasons, Plaintiff's Motion to Amend is GRANTED.

In its Complaint, filed July 3, 2012 (Doc. No. 1), Plaintiff has asserted eleven claims against Defendants Charles Powers, Davis Engineering Service, Inc., and three other individuals who have since been dismissed as defendants, arising out of a real estate transaction in Rio

Grande County, Colorado.  Plaintiff now seeks leave to file its proposed Amended Complaint (Doc. No. 94-1), which (1) removes the claims against the dismissed defendants; (2) asserts additional allegations that Defendant Powers acted negligently in his alleged role as the title and/or closing agent and in obtaining certain water rights for Plaintiff; (3) asserts additional allegations in support of its existing claims against Defendant Davis Engineering; and (3) adds a *respondeat superior* claim against a new defendant, Attorneys Title Guaranty Fund, Inc., based on the alleged actions of Defendant Powers.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957) *abrogated on other grounds by Bell Atl. Corp. v Twombly*, 550 U.S. 544 (2007).

## ANALYSIS

### A.    *Undue Delay*

Defendants Davis Engineering and Powers both argue that Plaintiff's proposed amendments are unduly delayed because Plaintiff knew of the facts supporting its proposed amendments over two years ago, at the time it filed its original Complaint.   The court disagrees that the proposed amendments are unduly delayed.

At the Scheduling Conference held on March 25, 2014, Defendants objected to the court setting a renewed deadline for joinder of parties and amendment of pleadings.   Defendants argued that because this case had been pending for over two years, Plaintiff already had sufficient time to amend the pleadings.   The court rejected Defendants' arguments because, based on the phased-discovery approach agreed to by the parties—whereby discovery would initially proceed on Plaintiff's equitable claims before turning to Plaintiff's remaining legal claims—Plaintiff's legal claims are effectively "new."   Accordingly, in the Phase Two Scheduling Order, the court set a deadline of May 9, 2014 for joinder of parties and amendment of pleadings.   (Doc. No. 90, § 9(a).)

Plaintiff's Motion to Amend was filed in compliance with that deadline.   The court declines to reject Plaintiff's proposed amendments on grounds of undue delay when it has fully complied with the pertinent court-ordered deadline.   *See Handy v. Diggins*, Case No.

3

10–cv–02022–WYD–KMT, 2011 WL 7201986, at *2 (D. Colo. Dec. 21, 2011), *recommendation aff'd and adopted at* 2013 WL 415343 (Feb. 8, 2012) (Daniel, J.).

### B. *Undue Prejudice*

Defendant Powers maintains that he will be unduly prejudiced if Plaintiff's proposed amendments are permitted. The court disagrees.

Undue prejudice is the "most important" factor in deciding a motion to amend the pleadings. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1208 (10th Cir. 2006). Courts typically find undue prejudice only when the amendment unfairly affects non-movants "in terms of preparing their defense to the amendment." *Id.* (citing *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971) (finding no prejudice because the amendment was authorized several months prior to trial)). This most often occurs "when the amended claims arise out of subject matter different from what was set forth in the complaint and raises significant new factual issues." *Id*.

Defendant Powers argues that he will face undue difficulty mustering evidence in response to Plaintiff's proposed amendments because he closed down his law firm, Charles C. Powers, Attorney at Law, LLC, in April 2012, without "any notice that Plaintiff might subsequently assert claims related to the title policy or the transaction's closing." (Powers' Resp. at 10.) However, Defendant Powers does not argue that he actually lacks access to evidence necessary to support his defense; instead, he vaguely and tentatively asserts only that he "might have *better* maintained relevant files and contact information for certain witnesses." (*Id.*) (emphasis added.) This argument fails to demonstrate the sort of prejudice necessary for the court to reject an amendment of the pleadings. Indeed, because a trial has not yet been set,

the court finds that Defendant Powers has ample time to adjust to Plaintiff's proposed amendments, which, as discussed below, arise out of the same real estate transaction at issue in its original Complaint.

## C.     *Futility*

Defendant Powers also argues that Plaintiff's proposed amendments are futile because they are barred by the statute of limitations and otherwise fail to state a claim for relief.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999)).  "The futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim" for relief under Fed. R. Civ. P. 12(b)(6).  *Id.* (citations omitted).  *See also Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (although the statute of limitations is an affirmative defense, questions regarding the statute of limitations may be resolved under Rule 12(b)(6) where the dates given in the complaint make clear that the right sued upon has been extinguished).

### 1.     *Statute of Limitations*

Defendant Powers contends that Plaintiff knew or should have known in 2011 of Defendant Power's alleged negligence arising out of his role as the closing and/or title agent. Because Plaintiff did not file its Motion to Amend until May 9, 2014, Defendant Powers argues that these proposed amendments are barred by the 2-year statute of limitations governing negligence claims, Colo. Rev. Stat. § 13-80-102.  Plaintiff contends that these proposed

allegations are timely because they relate back to the filing of the Original Complaint in July 2012.  The court agrees with Plaintiff.

Under Rule 15(c)(1)(B) an amendment relates back to the date of the timely filed original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  The rationale behind Rule 15(c)(1)(B) is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitation were intended to provide."  *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149 n.3 (1984) (citation omitted).  As long as there is a "factual nexus" between the original and amended complaints, the amended claim "is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Benton v. Bd. of Cnty. Comm'rs,* No. 06-cv-01406-PSF, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2007) (quoting *Grattan v. Burnett,* 710 F.2d 160, 163 (4th Cir. 1983)) *aff'd,* 303 F. App'x 625 (10th Cir. 2008).

> As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts.  For relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery.  On the other hand, amendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences.  It is a matter committed to the district court's discretion to decide whether a new claim arises out of the same transaction or occurrence.

*Id.* (quoting *Kidwell v. Bd. of Cnty. Comm'rs of Shawnee Cnty.,* 40 F. Supp. 2d 1201, 1217 (D. Kan. 1998)).

The court finds that Plaintiff's proposed amendments relate back to the filing of Plaintiff's original Complaint, and are therefore timely.  Notably, Plaintiff's original Complaint expressly alleges that Defendant Powers provided legal advice in connection with the real estate transaction and also "served as an agent and/or attorney for Attorney Title Guaranty Fund, Inc." (Compl. ¶ 10.)   Further, the original Complaint also alleges that Defendant Powers had a conflict of interest due to these dual roles.   (*Id.* ¶ 27.)   Finally, Plaintiff's original Complaint alleges that there were errors in the deeds conveying the property and related interests (*see, e.g., id.* ¶¶ 32, 36, 42, & 53), which were allegedly drafted by Defendant Powers (*id.* ¶ 103). Ultimately, Plaintiff's proposed amendments simply clarify that Defendant Power's allegedly negligent conduct may have occurred through his role as the title and/or closing agent, rather than solely through his role as Plaintiff's legal counsel.   Altogether, the court finds that there is plainly a factual nexus between the allegations of the original Complaint and Plaintiff's proposed allegations.

### 2. *Failure to State a Claim*

Defendant Powers also argues that Plaintiff's proposed amendments are futile because they fail to state a claim for relief.   More specifically, with respect to Plaintiff's proposed allegations that he acted negligently in his role as the title and/or closing agent, Defendant Powers asserts that the closing documents and title policy demonstrate that he was *not* the title agent or closing agent.   Defendant Powers also argues that Plaintiff's proposed allegations regarding his failure to acquire certain water rights for Plaintiff fail to state a claim because the Purchase Contract demonstrates that Plaintiff indeed obtained these water rights.

The court declines to address these remaining futility arguments at this juncture.   First, as discussed above, Defendant Powers will not face any undue prejudice if Plaintiff's proposed amendments are permitted.   *See Stender v. Cardwell,* No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (citing *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006)) (prejudice to the opposing part is the single most important factor in deciding whether to allow leave to amend and, in its absence, an opposition to a motion to amend is "grievously weakened").

Second, Plaintiff has set forth colorable rebuttals to Defendant Powers' futility arguments—namely, Plaintiff asserts that (1) Defendant Powers may be held liable even if he was not technically the closing or title agent, and (2) that its proposed allegations concerning the water rights do not relate to whether Defendant Powers erred in contracting for the water rights, but instead whether he properly recorded those rights.   Because they were raised for the first time in Plaintiff's Reply, Defendant Powers has not had an opportunity to respond to these arguments.

As such, under the circumstances, the court declines to find that Plaintiff's proposed amendments are futile at this juncture.   Instead, the court finds that the best practice is to defer consideration of Defendant Powers' futility arguments until after Plaintiff's Amended Complaint is in place, if and when Defendant Powers files an appropriate Rule 12(b)(6) motion to dismiss.

Therefore, for the foregoing reasons, it is

ORDERED that "Plaintiff's Motion for Leave to File First Amended Complaint" (Doc. No. 94) is GRANTED.   The Clerk of Court is directed to file Plaintiff's Amended Complaint

(Doc. No. 94-1) and all exhibits thereto (Doc. Nos. 94-2 -94-9).   No later than October 20, 2014 the parties shall file a Joint Status Report regarding resetting the outstanding Phase Two Scheduling Order deadlines and the Final Pretrial Conference.

Dated this 10th day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge