IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01732–WYD–KMT

MEEPER, LLC, a Delaware limited liability company,

    Plaintiff,

v.

CHARLES C. POWERS,
DAVIS ENGINEERING SERVICE, INC., a Colorado corporation, and
ATTORNEYS TITLE GUARANTY FUND, INC., a Colorado corporation,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Plaintiff Meeper, LLC's Resubmitted[1] Motion for Leave to File Second Amended Complaint" (Doc. No. 145, filed Mar. 9, 2015 [Mot. Am.]) and "Plaintiff Meeper, LLC's Motion for Leave to Supplement its Resubmitted Motion for Leave to File Second Amended Complaint with the Declaration of Water Lawyer Stephen H. Leonhardt" (Doc. No. 155, filed May 8, 2015 [Mot. Suppl.].) For the following reasons, the court RECOMENDS that Meeper's Motion to Amend and Motion to Supplement be DENIED.

---

[1] The court denied a prior iteration of Meeper's Motion to Amend (Doc. No. 142) for failure to comply with D.C.COLO.LCivR 15.1(b) (Minute Order, Doc. No. 144).

## PROCEDURAL HISTORY

Meeper initiated this action on July 3, 2012 by filing its original Complaint. (Doc. No. 1.) In that Complaint, Meeper asserted claims against Ms. Lester for implied easement by necessity, quiet title, fraudulent and negligent misrepresentation, reformation, and fraud in the inducement/rescission based on Ms. Lester and her now-deceased husband Freeman Lester's (together "the Lesters") (1) attempt to convey an easement accessing real property purchased by Meeper when she did not have a legal interest in that easement and (2) conveyance of 621 acres of land, rather than the agreed-upon 640 acres. (*See generally id.*)

The court entered a Scheduling Order on February 5, 2013. (Doc. No. 50.) That Scheduling Order provided a two-phased approach to discovery. Under the first phase, discovery and other proceedings were limited to Plaintiff's equitable claims against Ms. Lester. (*Id.* § 6.f.)

On June 17, 2013, Meeper filed a Motion to Dismiss its claims against Ms. Lester with prejudice. (Doc. No. 60.) Meeper stated that it and Ms. Lester had "come to a full and final settlement of [this matter] and no issues between the parties require resolution by the Court." (*Id.*) That same day, Senior District Judge Wiley Y. Daniel granted Meeper's Motion pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and dismissed Ms. Lester from this action with prejudice. (Order, Doc. 61.)

Because Meeper had dismissed its equitable claims against Ms. Lester, the court entered a Phase Two Scheduling Order on March 25, 2014. (Doc. No. 90.) The Phase Two Scheduling Order set a deadline for joinder of parties and amendment of pleadings for May 9, 2014. (*Id.* § 9.a.)

2

Meeper's present[2] Motion to Amend was filed on March 9, 2015, more than ten months after the Scheduling Order's deadline for amending the pleadings.  Meeper seeks leave to file a proposed Second Amended Complaint (Doc. No. 145-1 & 145-2 ["Proposed SAC"]) that asserts claims for fraudulent misrepresentation, fraudulent nondisclosure, negligent misrepresentation, and reformation against former defendant Joyce Lester.  More specifically, Meeper maintains the Lesters represented that they were capable of delivering water rights of twenty-one cubic feet per second appurtenant to the ranchland purchased by Meeper when they knew that those waters rights historically yielded far less water.

On April 6, 2015, Defendant Charles Powers and Ms. Lester filed separate responses opposing Meeper's Motion to Amend because Plaintiff's proposed amendments are unduly delayed, unduly prejudicial, and futile.  (Doc. Nos. 149 [Lester Resp.] & 150 [Powers Resp.)  Meeper filed its Reply on April 24, 2015.  (Doc. No. 155).

Two weeks after filing its Reply, Meeper filed its Motion to Supplement.  Meeper believes that the Declaration of Mr. Loenhardt attached thereto will help the court resolve the Motion to Amend because it "provides information about Colorado water law and provides an experienced water lawyer's reply to arguments made by Defendant Powers and proposed defendant Lester in their Responses."  (Mot. Suppl. at 2.)  Defendant Powers and Ms. Lester filed responses to the Motion to Supplement on May 18, 2015 (Doc. Nos. 158 & 159) and Meeper

---

[2] Meeper filed a prior Motion to Amend seeking to add Defendant Attorneys Title Guaranty Fund, Inc. as a party.  (Doc. No. 94, filed May 9, 2014.) The court granted that motion on October 10, 2014.  (Order, Doc. No. 113.)

filed its Reply on May 26, 2015 (Doc. No. 160). Accordingly, these matters are ripe for review and recommendation.

## LEGAL STANDARD

Because Meeper filed its Motion to Amend after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Meeper has shown good cause to modify the Scheduling Order under Federal Rule of Civil Procedure 16(b), then evaluating whether Meeper has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This court has stated that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

Once Meeper has shown good cause for modifying the scheduling order, he must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). " Refusing leave to amend is generally only

justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957), *overruled on other grounds by Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

## ANALYSIS

**A.** *Motion to Supplement*

The court first considers Meeper's Motion to Supplement. Mr. Loenhardt's Declaration effectively amounts to an expert opinion in support of Plaintiff's proposed claims against Ms. Lester. While it could be useful at a later juncture to assess the merits of Meeper's proposed claims against Ms. Lester, if allowed, it does not include any information relevant to question of whether Meeper should be allowed to amend its complaint to assert claims against Ms. Lester, a defendant it previously dismissed with prejudice. Accordingly, the court finds that the Motion to Supplement is properly denied.

**B.** *Motion to Amend*

Ms. Lester argues that Meeper's proposed claims are futile because they are barred by claim preclusion based on Judge Daniel's prior order dismissing her with prejudice. The court agrees with this argument and therefore does not address whether Meeper's proposed amendments are also unduly delayed or prejudicial.

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason. *Watson ex rel. Watson v. Beckel,* 242 F.3d 1237, 1239-40 (10th Cir. 2001). A court may dismiss claims under claim preclusion principles where it previously decided the issues presented. *Arizona v. California (Arizona II),* 530 U.S. 392, 412 (2000) (citation omitted).

Because diversity of the parties is the sole basis for the court's jurisdiction over this action, the court applies Colorado preclusion law. *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 986 (10th Cir. 2002). Under Colorado law, "[c]laim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.,* 109 P.3d 604, 608 (Colo. 2005). Claim preclusion applies where there is "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions."[3] *Id.* (citation omitted).

As an initial matter, the court acknowledges that claim preclusion may be somewhat inapposite here because Ms. Lester was previously dismissed with prejudice in *this* proceeding, rather than a prior proceeding. However, even if the technical rules of claim preclusion are not strictly applicable, the court finds that the underlying principles of claim preclusion should inform the court's decision whether to revisit the prior dismissal of Ms. Lester with prejudice. *See*

---

[3] The Federal claim preclusion elements are nearly identical to the Colorado elements: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

*Arizona v. California (Arizona I),* 460 U.S. 605, 619 (1983) (applying the principles of claim preclusion to determine whether to reopen an issue previously decided in the same litigation).

The first claim preclusion element is met here even though judgment was not entered at the time Ms. Lester was dismissed with prejudice from this action. "A dismissal with prejudice does not circumvent the limitations of [claim preclusion] . . . . The plaintiff is barred from future litigation of the same issue to the same extent as would be the case if he had proceeded to adverse judgment." *Groundwater Appropriators of South Platte River Basin, Inc. v. City of Boulder*, 73 P.3d 22, 25–26 (Colo. 2003). The same rule applies when a suit is settled and then dismissed "with prejudice" by court order. *See, e.g., Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 324, 327 (1955). *See also Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986) (finding a "voluntary dismissal with prejudice upon an order of the court, based on [a] settlement agreement . . . should be considered a judgment on the merits because it was entered pursuant to a settlement that resolved the substance of the disputed claims.")

The fourth element is also clearly met here as Meeper seeks to assert claims against the very same individual it previously agreed to dismiss with prejudice. Accordingly, the only remaining question is whether the second and third elements are met.[4]

---

[4] Technically, where the prior dismissal was entered based on a settlement between the parties, the court's analysis "must be guided by the terms of the settlement" because the "terms of that agreement provide the basis for and are incorporated into the judgment." *O'Neil v. Wolpoff & Abramson, L.L.P.,* 210 P.3d 482, 484 (Colo. App. 2009). However, here the terms of the Settlement Agreement are essentially identical to the traditional claim preclusion test as Meeper discharged Ms. Lester "from all actual and potential claims that were or could have been asserted in the Litigation." (Lester Resp., Ex. A.) Accordingly, the court finds that the result is the same whether analyzed under the specific terms of the Settlement Agreement or the traditional claims preclusion test.

Meeper argues that these elements are not met because claim preclusion bars relitigation "claims that might have been decided <u>if</u> the claims are tied by <u>the same injury</u>." (Reply at 17 (quoting *Argus,* 109 P.3d at 609) (emphasis added).) Meeper maintains that the injury at issue in its original claims against Ms. Lester was not a fraudulent conveyance of water rights, but instead (1) the non-receipt of nineteen acres of property it contracted to buy and (2) the lack of an easement to access the property. (*Id.*)

Meeper, however, fails to acknowledge the entirety of *Argus's* holding. More specifically, *Argus* provides that, in addition to claims tied to the same injury, "claim preclusion also bars a litigant from splitting claims into separate actions because once judgment is entered it 'extinguishes the plaintiff's claim . . . includ[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, *or series of connected transactions,* out of which the action arose.'" 109 P.3d at 609 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982)); *see also Petromanagement Corp. v. Acme-Thomas Joint Venture,* 835 F.2d 1329, 1336 (adopting the Restatement's "transactional approach" and finding that a series of contracts were a sufficiently related "series of connected transactions" to prohibit piecemeal litigation).

Here, the court finds that the conveyance of water rights was undoubtedly part of one series of real estate transactions. Plainly, the conveyance of land, water rights, and an access easement were separate conveyances included in a larger real estate transaction. Indeed, the land and water rights were conveyed by warranty deed and quitclaim deed, respectively, on the very same day. (Proposed SAC, Ex. F & G.) Allowing Meeper to bring and then dismiss claims relating to the land and easement conveyances and then bring separate claims relating to the water rights would

clearly amount to piecemeal litigation. Accordingly, the court finds that the remaining claim preclusion elements are satisfied.

As a final matter, Meeper appears to argue that the court should set aside the Settlement Agreement due to Ms. Lester's fraudulent conduct. However, the court agrees with Ms. Lester that the fraudulent conduct must go to the execution of the release itself. *Goff v. Boma Inv. Co.*, 181 P.2d 459, 461 (Colo. 1947) (finding that there was no evidence of any fraud, deceit or misrepresentation on the part of the defendant "in securing this settlement agreement and release."). Here, even assuming the Lesters engaged in fraud by conveying water rights in excess of the historical water yields, there is no evidence suggesting that Ms. Lester engaged in any sort of fraud when executing the Settlement Agreement. *See id.* at 460 (evidence of fraud in the execution of a settlement release must be "clear and convincing").

Accordingly, the court finds that Plaintiff's proposed claims against Ms. Lester are barred under claim preclusion principles based on Meeper's previous dismissal of Ms. Lester with prejudice. Therefore, the court finds that Meeper's Motion to Amend is properly denied as futile.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Plaintiff Meeper, LLC's <u>Resubmitted</u> Motion for Leave to File Second Amended Complaint" (Doc. No. 145) and "Plaintiff Meeper, LLC's Motion for Leave to Supplement its Resubmitted Motion for Leave to File Second Amended Complaint with the Declaration of Water Lawyer Stephen H. Leonhardt" (Doc. No. 155) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply

when the interests of justice require review).

Dated this 28th day of July, 2015.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge