IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-01732-WYD-KMT

MEEPER, LLC, a Delaware limited liability company,

    Plaintiff,

v.

CHARLES C. POWERS;
DAVIS ENGINEERING SERVICE, INC., a Colorado corporation, and
ATTORNEYS TITLE GUARANTY FUND, INC., a Colorado corporation.

    Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

This matter is before the Court on Plaintiff's "Objection to Magistrate Judge's June 16, 2015 Order Denying Plaintiff Meeper LLC's Motion for Extension of Phase Two Schduling [sic] Order and Other Deadlines Pursuant to Fed. R. Civ. P. 72(a)." (ECF No. 171.)  Plaintiff objects to Magistrate Judge Tafoya's denial of Plaintiff's motion for extension of the scheduling deadlines, arguing that it could have significant substantive ramifications.  In that regard, Plaintiff asserts that on the eve of various critical deadlines—including the deadline to disclose expert opinions— Magistrate Judge Tafoya permitted Plaintiff's counsel to withdraw but denied the motion to extend the deadlines.  Plaintiff is a limited liability company and cannot proceed *pro se*.  Thus, Plaintiff argues that the Magistrate Judge's decision rendered it impossible for Plaintiff to meet the critical case deadlines without counsel.

II.     BACKGROUND

I examine in detail the background of this case as I find it important to understanding the context of Magistrate Judge Tafoya's rulings and Plaintiff's objections. This case was initially commenced in July 2012. (ECF No. 1.) The case involves a Purchase Contract in 2005 related to real property in Rio Grande County, Colorado.

As noted in the initial Scheduling Order of February 5, 2013 (ECF No. 50), Plaintiff contends that the Purchase Contract was entered into based on representations that the closing documents transferred 640 acres of real property as well as a 60 foot access easement to access the property. The Contract did not, however, convey the full 640 acres or the easement. Plaintiff further contends that Defendants' later attempts to amend the legal descriptions contained in the closing documents failed to convey all the acreage and the access easement.

Plaintiff, the purchaser, initially brought claims against its lawyer and title agent, the seller and the surveying company. The case was bifurcated into two phases. (ECF No. 50.) The first phase was limited to Plaintiff's equitable claims against the sellers of the property. The second phase, which was stayed pending the outcome of the first phase, addressed Plaintiff's legal claims for damages against several professionals involved in the transaction. Plaintiff ultimately reached a settlement of the equitable claims at issue in the first phase of the litigation against Defendant Joyce L. Lester ["Lester"], and on June 17, 2013, Plaintiff filed an unopposed motion to dismiss the

claims against Lester with prejudice. (ECF No. 60.) This motion was granted that same day, and Lester was dismissed with prejudice from the case. (ECF No. 61.)

On August 29, 2013, counsel for Plaintiff filed a Motion to Withdraw, asserting that a conflict of interest had arisen between Plaintiff and its attorneys mandating their withdrawal from the case pursuant to the Colorado Rules of Professional Conduct and the engagement letter with Plaintiff. (ECF No. 66.) Specifically, Plaintiff's counsel noted that its firm would be merging with another firm that was involved in federal court litigation on behalf of Metropolitan Life Insurance Company against Dr. Inna Ogandzhanova. Plaintiff is a single member limited liability company owned by Dr. Ogandzhanova, and for which Dr. Ogandzhanova serves as the managing member. The motion to withdraw advised Plaintiff that it was personally responsible for all deadlines, including the deadlines to respond to discovery and designate experts. (*Id.* at 2.) It also advised, however, that because Plaintiff is a limited liability company and not a natural person, it may not appear without counsel admitted to the bar of this court and that, absent prompt appearance of substitute counsel, pleadings and papers may be stricken.

Magistrate Judge Tafoya granted counsel's motion to withdraw by Minute Order of October 9, 2013. (ECF No. 75.) She noted therein that corporations must appear in this court through a licensed attorney, and ordered Plaintiff to obtain counsel and have them enter their appearance no later than November 8, 2013. On November 8, 2013, counsel Steven C. Choquette ["Choquette"] and James Winfrey Hart ["Hart"] filed their Notices of Entry of Appearance on behalf of Plaintiff.

On November 15, 2013, a Joint Status Report was filed in which Plaintiff's counsel indicated they needed need not less than 49 days (until January 3, 2014) to review documents and evaluate Plaintiff's claims and potential additional claims. (ECF No. 80.) Following that "ramp-up period", Plaintiff's counsel proposed a period of another 49 days (until February 21, 2014) in which the parties would engage in settlement efforts regarding the phase two issues. (*Id*. at 2.) The Joint Status Report indicated that Defendants did not object to the "ramp-up period" and that they were willing to engage in settlement efforts. Defendants did not agree, however, to delay the case until February or March 2014, and instead proposed setting a status conference in January 2014. (*Id.*)

Magistrate Judge Tafoya set the scheduling conference for March 25, 2014 (ECF No. 82), and entered a Civil Scheduling Order—Phase Two on that day. (ECF No. 90.) The Scheduling Order set deadlines for phase two of the litigation against Defendants Charles Powers ["Powers"] and Davis Engineering Service, Inc. ["Davis Engineering"] arising out of errors and omissions Plaintiff alleges occurred in relation to the purchase of the property and related events. The deadline for designation of experts for Plaintiff was July 25, 2014, and for Defendant was August 25, 2014.

On May 9, 2014, Plaintiff filed a Motion for Leave to File First Amended Complaint in which it sought to allege its claims against Defendants Powers and Davis Engineering in more detail and to add claims against Defendant Attorneys Title Guaranty Funds, Inc. ["ATGF"]. (ECF No. 94.) On July 7, 2014, Magistrate Judge Tafoya vacated all scheduling deadlines and a scheduled pretrial conference pending a

ruling on that motion. By Order of October 10, 2014, Magistrate Judge granted Plaintiff's motion to amend and the First Amended Complaint was filed. (ECF Nos. 113 and 114.) The scheduling order now at issue, the Civil Scheduling Order – Phase Two, Amended (October 2014), was entered on December 17, 2014. (ECF No. 124.)

On March 7, 2015, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (ECF No. 142.) It was denied without prejudice (ECF No. 144), and Plaintiff filed a <u>Resubmitted</u> Motion for Leave to File Second Amended Complaint on March 9, 2015. (ECF No. 145.) The motion sought leave to add former defendant Lester to the case based on alleged newly discovered information. As noted previously, Lester had been dismissed from the case with prejudice in June 2013 based on a settlement between Plaintiff and Lester. (ECF Nos. 60 and 61.)

On June 8, 2015, while Plaintiff's Motion for Leave to File Second Amended Complaint was still pending, Plaintiff's counsel filed an unopposed motion to withdraw. (ECF No. 161.) Counsel Choquette and Hart indicated that Plaintiff had communicated with them that it wished to discharge them as counsel. Counsel stated in the motion to withdraw that they had advised Plaintiff that because it is a limited liability company and not a natural person, it may not appear without counsel admitted to the bar of this court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken and default judgment or other sanctions may be imposed against it. (*Id.* at 2.) They also advised Plaintiff of upcoming deadlines, including but not limited to the fact that Plaintiff's responses to Defendant Power's Second Set of Discovery were due on June 17, 2015, and that expert disclosures were due on June 25, 2015. (*Id.* at 3.)

Concurrent to the filing of the motion to withdraw, Plaintiff's counsel filed on June 8, 2015, a Motion for Extension of Phase Two Scheduling Order and Other Deadlines. (ECF No. 162.) That motion asked the Court to enter an Order extending the deadlines by not less than ninety (90) days so that Plaintiff could obtain new counsel. It stated that Plaintiff desired new counsel to assist it with complying with the Scheduling Order deadlines, and that Plaintiff believed it would need at least 90 days in which to complete that search and retain new counsel. This was due in part to the fact that Meeper's sole owner, manager, and member, Dr. Ogandzhanova, had a recurrence of cancer and needed treatment, which the motion indicated would significantly affect Plaintiff's ability to pursue retention of other counsel or to participate in the case. Moreover, Plaintiff noted that its experts needed time to review ATGF's Initial Disclosure documents that had been due in December 2014 but were provided in late May 2015, and that the parties would likely benefit from an extension of the deadline until after the court determined the Motion for Leave to File Second Amended Complaint seeking to add Defendant Lester. Finally, the motion for extension noted that while it was unopposed by Defendant ATGF and proposed defendant Lester, Defendants Powers and Davis Engineering opposed the request for a 90 day extension of the deadlines. Powers and Davis Engineering did not, however, oppose a 61 day stay of the case and pending deadlines ( from June 7, 2015 to August 7, 2015).

On June 16, 2015, Magistrate Judge Tafoya issued a Minute Order granting the Unopposed Motion to Withdraw as Counsel and a separate Order denying Plaintiff's

Motion for Extension of Phase Two Scheduling Order and Other Deadlines. (ECF Nos. 164 and 165.) These rulings are the subject of Plaintiff's first objections.

In the June 16 Minute Order on the motion to withdraw, Magistrate Judge Tafoya relieved Plaintiff's attorneys Choquette and Hart of any further representation of Plaintiff. (ECF No. 165.) She advised Plaintiff that it could not appear without counsel admitted to the bar of the court, and ordered Plaintiff to obtain counsel and file an entry of appearance for counsel on or before July 7, 2015. She stated that if Plaintiff did not obtain substitute counsel, pleadings and papers may be stricken and appropriate sanctions may be imposed against Plaintiff. In granting the motion to withdraw, Magistrate Judge Tafoya did not address the fact that the motion was filed concurrently with the motion to extend deadlines, and that counsel had asked that their withdrawal be effective on the date the Court granted Plaintiff extensions of the pending deadlines in this case.

The June 16, 2015 Order denying Plaintiff's Motion for Extension of Phase Two Scheduling Order and Other Deadlines found that Plaintiff had not demonstrated good cause for the amendment of the deadlines in the Scheduling Order. (ECF No. 164.) Magistrate Judge Tafoya noted the arguments made in the motion, and then stated:

> Plaintiff is certainly entitled to seek new counsel if it is not satisfied with its current counsel. However, Plaintiff is not entitled to an extension of all case deadlines to accommodate this search. This case was filed almost three years ago in July 3, 2012 and is far from its conclusion. Indeed, this is not the first time Plaintiff has had to obtain new counsel. Between June 2013 and March 2014, the court allowed a nine month-delay while Plaintiff located its current counsel—Plaintiff's former counsel was forced to withdraw due to a conflict—and to allow the parties to pursue settlement .
> . . . Ultimately, while the court is sympathetic to Dr. Ogandzhanova's

>health issues, it cannot countenance an extension of the Scheduling Order deadlines solely to accommodate the transition of this case to new counsel.

(*Id.* at 2-3.)

As to Plaintiff's argument that deadlines should be extended pending a ruling on the motion to amend, Magistrate Judge Tafoya stated that it "is far from clear that the Motion to Amend will be granted" and that this argument was "premature." (ECF No. 164 at 3.) Finally, her Order rejected Plaintiff's argument that an extension was warranted because it had only recently obtained initial disclosures from ATGF and its potential expert witnesses need additional time to review those documents. (*Id.* at 4.) Magistrate Judge Tafoya stated that Plaintiff had not filed a motion to compel during the approximately six-month period between when ATGF's initial disclosures were due and when they were actually produced in May 2015, and found that Plaintiff was thus not diligent in attempting to obtain them. (*Id.*) Moreover, she found that Plaintiff did not explain why the 28 day time frame between when ATGF's initial disclosures were served and the June 25, 2015 expert deadline was insufficient for its experts to review the documents. (*Id.*)

Finally, while Magistrate Judge Tafoya acknowledged that "total inflexibility with respect to a scheduling order is undesirable", she noted that the case had already incurred a number of delays and the court had permitted several modifications to the Scheduling Order. (ECF No. 164 at 5.) Specifically, she said that the "case was delayed for over nine months while Plaintiff located its current counsel and the parties pursued settlement", and that "the court vacated and amended the Phase Two

Scheduling Order to allow for ruling on Plaintiff's prior motion to amend to add ATGF as a defendant." (*Id.*)  Ultimately, the Recommendation stated "the reasons set forth in Plaintiff's Motion do not constitute good cause for a further amendment to the Phase Two Scheduling Order—the time has come for this case to proceed expeditiously." (*Id.*)

On June 30, 2015, before the July 7, 2015 deadline for obtaining new counsel set by Magistrate Judge Tafoya, a Notice of Entry of Appearance was filed by counsel David S. Chipman on behalf of Meeper.  (ECF No. 170.)  He filed the objections regarding the motion to extend deadlines.  On July 13 and 21, 2015, two more attorneys entered their appearance on behalf of Plaintiff.  (ECF Nos. 174 and 177.)

Defendants jointly responded to Plaintiff's objections on July 10, 2015 (ECF Nos. 172 and 173), and filed a supplement thereto on July 15, 2015.  (ECF Nos. 175 and 176.)  Plaintiff filed a reply on July 23, 2015.  (ECF No. 183.)  Also on July 23, 2015, Magistrate Judge Tafoya issued a Minute Order granting Defendants' Motion to Stay Expert Disclosure Deadline, pending a ruling on Plaintiff's objection.

It appears that Plaintiff did not meet the deadlines in June for responding to discovery or for designating experts.  On July 27, 2015, Davis Engineering filed a Motion to Dismiss for Failure to File Certificate of Review Pursuant to C.R.S. § 13-20-602.  It notes as a basis for dismissal that Plaintiff was required to initially file a certificate of review pursuant to the statute and to endorse a licensed surveyor expert to address Davis Engineering's alleged professional negligence, and that Plaintiff missed both of those deadlines.

On July 28, 2015, Magistrate Judge Tafoya issued a Recommendation of United Stated Magistrate Judge. She recommended therein that Plaintiff's Resubmitted Motion for Leave to File Second Amended Complaint and a Motion for Leave to Supplement its Resubmitted Motion for Leave to File Second Amended Complaint with the Declaration of Water Lawyer Stephen H. Leonhardt (ECF No. 155) be denied. Plaintiff recently filed objections to this Recommendation, which will be addressed by separate order.

III.     ANALYSIS

Since Plaintiff filed a timely objection, I must review Magistrate Judge Tafoya's rulings which are the subject of the objection to determine whether they are "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. Fed. R. Civ. P. 72(a). The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the firm and definite conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1996) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

After reviewing the background of this case, I certainly understand why Magistrate Judge Tafoya was concerned about delay and the case proceeding expeditiously. Delay and a party's diligence are valid reasons to be considered in deciding whether to amend a scheduling order. *See Jorgensen v. Montgomery*, No. 06-cv-00853-MSK-BNB, 2007 WL 3119549, at *3 (D. Colo. Oct. 19, 2007). However, I find that Magistrate Judge Tafoya's ruling that Plaintiff did not show good cause to extend

the deadlines in the Scheduling Order is clearly erroneous given the fact that Magistrate Judge Tafoya granted Plaintiff's counsel leave to withdraw.  This left Plaintiff, a limited liability company, without counsel and unable to represent itself.  This is significant as Plaintiff had repeatedly been advised—most recently by Magistrate Judge Tafoya herself in her Minute Order of June 16, 2015, that as a limited liability corporation it could not appear in court without counsel and, more importantly, that any papers or pleadings it filed could be stricken.  In light of this, I find that good cause was established as Plaintiff could have believed it could not, despite its diligence, reasonably meet the Scheduling Order deadlines until new counsel had entered an appearance.  *See Jorgensen*, 2007 WL 3119549, at *3 (quoting Advis. Comm. Notes for 1983 Amend. to Rule 16)).  And I note that Plaintiff's counsel did not enter an appearance until June 30, 2015, after the June deadlines had expired.  Moreover, I find that granting a reasonable extension was appropriate to give Plaintiff's new counsel time to get up to speed on the case.

As Plaintiff notes, the failure to grant it an extension of time, particularly in connection with the designation of experts, will likely have substantive ramifications and a significant impact on Plaintiff's ability to prosecute the case.  The upcoming deadlines, particularly related to experts, were critical deadlines.  Indeed, Davis Engineering has just recently filed a motion to dismiss based on Plaintiff's failure to file a certificate of review and to designate an expert regarding Davis's alleged professional negligence.  Both of these involve deadlines that Plaintiff had sought to extend in its motion.  (*See* ECF No. 162 at 5.)

My finding of error in connection with the denial of the extension of the deadlines sought in the motion is also supported by the fact that Plaintiff's motion indicated that all parties had agreed to at least a 61 day stay and extension of the deadlines, and that two of the Defendants agreed to a 90 day extension. This was not considered by the Magistrate Judge. She also failed to note that Plaintiff's counsel explicitly asked that their withdrawal take effect on the date the court granted Plaintiff extensions of the pending deadlines in this case, which I assume was to ensure that Plaintiff was adequately protected. Thus, the motion to withdraw was tied to the extension of the deadlines. (*See* ECF No. 160 at 5, Prayer for Relief, stating, "Mssrs. Choquette and Hart respectfully request the Court to enter an Order relieving them of any further representation of Meeper, LLC – again, assuming the Court grants extensions to Meeper pursuant to its Motion for Extension, and effective upon that date. . . .")

Moreover, I agree with Plaintiff that it appears Magistrate Judge Tafoya may have made mistaken assumptions about Plaintiff and its principal, Dr. Ogandzhanova. The Order stated, "this is not the first time Plaintiff has had to obtain new counsel," and referred to a "nine month delay" when Plaintiff had to replace its first attorney "due to a conflict." Stating that the first attorneys moved to withdraw "due to a conflict" could imply that Plaintiff somehow shared some blame for the conflict. This is not the case. Plaintiff's counsel moved to withdraw based on a conflict that arose from the firm merging with another firm that represented a client adverse to Plaintiff's principal. And it is incorrect to say there was a "nine month delay" while Plaintiff located new counsel. The first attorneys' motion to withdraw was granted after the attorneys represented that

a "second phase" of the case had yet to even commence. (*See* ECF No. 69 at ¶ 9.) The Court granted the first counsel's motion to withdraw on October 9, 2013, and ordered Plaintiff to secure replacement counsel by November 8, 2013. Plaintiff diligently sought counsel and retained counsel Choquette by the Court's deadline.

Based on the foregoing, I sustain Plaintiff's Objection to Magistrate Judge's June 16, 2015 Order Denying Plaintiff Meeper LLC's Motion for Extension of Phase Two Scheduling Order and Other Deadlines Pursuant to Fed. R. Civ. P. 72(a). The Order of June 16, 2015 is reversed. I find that the proposed extended deadlines set forth in Plaintiff's motion are reasonable and can still be complied with. Thus, Plaintiff's responses to Defendant Powers' second set of written discover are due by September 16, 2015. Plaintiff's expert disclosures and certificates of review under Colo. Rev. Stat. § 13-20-602 are due by September 24, 2015, and Defendants' expert disclosures are due by October 26, 2015. The deadline for rebuttal expert disclosures is November 16, 2015, and the last day for serving written discovery is November 16, 2015. The discovery cutoff is December 30, 2015. The deadline for dispositive motions is February 1, 2016, and the proposed Final Pretrial Order is due March 30, 2016. In light of these new deadlines, I deny without prejudice Davis Engineering's Motion to Dismiss for Failure to File Certificate of Review Pursuant to C.R.S. § 13-20-602.

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Objection to Magistrate Judge's June 16, 2015 Order Denying Plaintiff Meeper LLC's Motion for Extension of Phase Two Schduling [sic]

Order and Other Deadlines Pursuant to Fed. R. Civ. P. 72(a)" (ECF No. 171) is **SUSTAINED**.  In accordance therewith, it is

ORDERED that the Order of June 16, 2016, denying Plaintiff's Motion for Extension of Phase Two Scheduling Order and Other Deadlines, is **REVERSED**. The extended deadlines proposed in Plaintiff's Motion for Extension of Phase Two Scheduling Order and Other Deadlines are adopted and made an order of the Court. Finally, it is

ORDERED that Defendant Davis Engineering Service, Inc.'s Motion to Dismiss for Failure to File Certificate of Review Pursuant to C.R.S. § 13-20-602 filed July 27, 2015  (ECF No. 185) is **DENIED WITHOUT PREJUDICE**.

Dated:  August 20, 2015

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Senior United States District Judge