IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-01732-WYD-KMT

MEEPER, LLC, a Delaware limited liability company,

     Plaintiff,

v.

CHARLES C. POWERS;
DAVIS ENGINEERING SERVICE, INC., a Colorado corporation, and
ATTORNEYS TITLE GUARANTY FUND, INC., a Colorado corporation.

     Defendants.

---

## ORDER

---

I.   <u>INTRODUCTION</u>

     This matter is before the Court on Plaintiff Meeper, LLC's <u>Resubmitted</u> Motion for Leave to File Second Amended Complaint filed March 9, 2015, and Plaintiff Meeper, LLC's Motion for Leave to Supplement its Resubmitted Motion for Leave to File Second Amended Complaint with the Declaration of Water Lawyer Stephen H. Leonhardt filed May 8, 2015.  These motions were referred to Magistrate Judge Tafoya who issued a Recommendation of United States Magistrate Judge on July 28, 2015.[1]

     Magistrate Judge Tafoya recommended therein that the motion to amend, which seeks leave to amend the complaint to add claims against former Defendant Joyce L. Lester ["Lester"], be denied as futile based on the principles of claim preclusion because

---

[1] While Plaintiff filed a Notice of Settlement as to the three pending Defendants on January 29, 2016, Plaintiff's counsel advised the Court that it did not impact the pending motion and Recommendation.

of my prior order dismissing Lester with prejudice pursuant to a settlement.  The magistrate judge rejected Plaintiff's argument that the settlement agreement between Plaintiff and Lester that resulted in Lester's dismissal be invalidated based on fraud. Because of her ruling based on claim preclusion, Magistrate Judge Tafoya did not address whether Plaintiff's proposed amendments were also unduly delayed or prejudicial.

The Recommendation also found that Plaintiff's motion to supplement should be denied.  Magistrate Judge Tafoya stated that the declaration it sought to submit effectively amounted to an expert opinion in support of Plaintiff's claims against Lester. It did not include any information relevant to the question of whether Plaintiff should be allowed to amend the complaint to assert such claims.

Plaintiffs filed an Objection to the Recommendation on August 11, 2015. Defendant Charles C. Powers and proposed Defendant Lester filed separate responses to the Objection on August 25, 2015.  Plaintiff filed a reply to these responses on September 11, 2015.[2]

II.   FACTUAL BACKGROUND

This case was originally filed in July 2012 and involves a Purchase Contract entered into in 2005 between Plaintiff and the Lesters related to real property in Rio Grande County, Colorado.  Plaintiff alleged that the Purchase Contract was entered into

---

[2] Fed. R. Civ. P. 72(b)(2) provides only for an objection and a response to the objection to be filed. Thus, Plaintiff should have moved the Court for leave to file the reply.  Nonetheless, in this one instance and for expediency purposes I will consider the instant reply without requiring that Plaintiff file such a motion.

based on representations that the closing documents transferred 640 acres and a 60 foot access easement to access the property when, in fact, the Contract did not. Plaintiff sued Lester asserting claims of implied easement by necessity, quiet title, fraudulent concealment/misrepresentation, reformation, fraud in the inducement/ rescission, and negligent misrepresentation.  The Court set May 9, 2014, as the deadline for amending the pleadings.  Plaintiff timely submitted a First Amended Complaint.  The claims all related to the easement and acreage of the property.

On June 17, 2013, Plaintiff filed an Unopposed Motion to Dismiss Plaintiff's Claims Against Defendant Joyce L. Lester With Prejudice and Release of Lis Pendens. The motion indicated that Plaintiff and Lester had come to a full and final settlement and stated that "no issues between the parties require resolution by the Court."  (ECF No. 60, at 1.)  The settlement provided Plaintiff with an access easement and a new deed conveying the full acreage bargained for.  (*Id*.)  The settlement agreement released Lester "from all actual and potential claims that were or could have been asserted in the Litigation."  (ECF No. 189, Ex. A.)  Plaintiff's Unopposed Motion to Dismiss was granted and Lester was dismissed from the case with prejudice by Order of June 17, 2013.

Plaintiff asserts in its motion to amend that at the time of the settlement in 2013, it was unaware that it did not actually have the water rights Lester purported to sell to it in 2005.  More specifically, Plaintiff states that Lester promised it 21 cubic feet per second ("cfs") of water.  An amendment to the agreement granted Lester a superior water right to the first 2 cfs each year with proration during drought.  The quitclaim deed that was filed reserved Lester's superior right but left out proration during drought.

Plaintiff asserts there were no issues regarding the water rights until 2014 when Lester used most of the water available to irrigate their property, leaving Plaintiff to fend for itself.  Plaintiff requested a water engineering analysis of the land and spoke to a water law attorney, Stephen H. Leonhardt ["Leonhardt"] in Colorado.  The water engineering analysis came back in January of 2015 showing that at most, Plaintiff had 4 cfs of water per year.  The water law attorney explained that while Lester may have had court-ordered rights to certain quantities of waters, Colorado law bases water rights on past usage.  The motion for leave to file a Second Amended Complaint to bring Lester back into the case was filed based on this new information.

The proposed Second Amended Complaint asserts claims against Lester for fraudulent misrepresentation, fraudulent nondisclosure, negligent misrepresentation, and reformation of the contract as to the water rights.  In the motion and proposed Second Amended Complaint, Plaintiff alleges that Lester represented that she was capable of delivering water rights of approximately twenty-one cubic feet per second (c.f.s.) appurtenant to the land purchased by Plaintiff when she knew that those waters rights historically yielded far less water.  The motion to supplement sought leave to include a declaration of Leonhardt to support Plaintiff's claims regarding these issues.

III.   ANALYSIS

I will construe the recommendation to deny the motion to amend as a dispositive ruling since a finding that Plaintiff's proposed amendments are futile is "functionally equivalent" to a finding that the proposed amendments should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See Jefferson Cnty. Sch. Dist. v.*

*Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).  The objections filed by

Plaintiff thus necessitate a *de novo* determination as to the portion of the

Recommendation to which objection is made.  Fed. R. Civ. P. 72(b); 28 U.S.C.

§ 636(b)(1).

 In the case at hand, Magistrate Judge Tafoya found that even if the technical

rules of claim preclusion are not strictly applicable since Lester was dismissed in *this*

proceeding rather than a prior proceeding, "the underlying principles of claim preclusion

should inform the court's decision whether to revisit the prior dismissal of Ms. Lester

with prejudice."  (Recommendation at 6.)  She then found that all of the elements for

claim preclusion were met, even though Lester was dismissed with prejudice pursuant

to a settlement and judgment was not entered.  (*Id.* at 7-9.)

 I first address the argument that Magistrate Judge Tafoya erred in rejecting

Plaintiff's argument that the settlement agreement can be set aside due to fraud.

Plaintiff argues that the very fact the magistrate judge refers to what evidence exists to

set aside the settlement agreement in connection with her futility finding indicates that

she applied the wrong standard.  Plaintiff also argues that it should have been allowed

to amend the complaint and then conduct discovery to prove the settlement agreement

was the product of fraud.

 Turning to my analysis, "[t]he futility question is functionally equivalent to the

question whether a complaint may be dismissed for failure to state a claim. . . ." *Gohier*

*v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999); *see also Collins v. Wal-Mart, Inc.*, 245

F.R.D. 503, 510 (D. Kan. 2007).  "'The court's function on a Rule 12(b)(6) motion is not

to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation omitted).

Based on the foregoing, I agree with Plaintiff that a futility argument must be analyzed under a Rule 12(b)(6) evidence standard, and that evidence is not required at this stage of the litigation by Plaintiff.  However, Plaintiff has not shown or presented any facts in connection with its motion to amend the complaint that even suggest that Lester engaged in fraud when executing the settlement agreement, as would be required for the agreement to be set aside.  *Goff v. Boma Inv. Co.*, 181 P.2d 459, 461 (Colo. 1947).  Thus, Plaintiff did not show that this claim was plausible, as required to survive a motion to dismiss.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Accordingly, I find that Magistrate Judge Tafoya correctly rejected Plaintiff's argument to set aside the settlement agreement based on Plaintiff's assertion of fraud.

I also reject Plaintiff's argument regarding the settlement agreement on another ground.  A settlement agreement is a contract between the parties, and the court must apply state contract laws to issues involving the formation, construction, and enforcement of the settlement agreement.  *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).  Under Colorado law, a person allegedly defrauded in connection with a settlement agreement "has either the right to affirm the contract and sue for damages, or rescind the contract and sue for return of the money paid, the former being

an action in tort and the latter an action on contract." *Altergott v. Yeager*, 543 P.2d

1293, 1297 (Colo. App. 1975) (citing *Neiheisel v. Malone*, 150 Colo. 586, 375 P.2d 197

(1962)).

Here, Plaintiff obviously is not seeking to affirm the settlement contract. Instead,

it argues that the settlement agreement should be set aside based on fraud. Plaintiff did

not, however, move to rescind or set aside the settlement agreement. Nor did it plead a

claim for rescission of the settlement agreement in the proposed amended complaint.

Indeed, Plaintiff did not allege any facts in the proposed Second Amended Complaint

that would support such a claim, as it did not allege any fraud or fraudulent concealment

in connection with the settlement agreement. The settlement agreement and

circumstances which led to the execution of the agreement are not even referenced in

the proposed amended complaint. Instead, Plaintiff's proposed claims of fraud and

fraudulent concealment are tied to the purchase of the property and alleged

representations/omissions made before the purchase and in the purchase documents,

including the Purchase Contract and the First Amendment thereto and the Quitclaim

Deeds executed in 2005 and 2006. In short, Plaintiff sought to assert claims in

contravention of the settlement agreement without first following the proper steps to

have the settlement agreement set aside.

I now turn to Magistrate Judge Tafoya's finding that the proposed Second

Amended Complaint seeking to add new claims against Lester is futile because it is

barred by the underlying principles of claim preclusion. Plaintiff does not dispute her

finding that claim preclusion principles are applicable or that the first and fourth

elements of claim preclusion are satisfied.  These elements are finality of the judgment

and identity or privity between parties to the action.  *Argus Real Estate, Inc. v. E-470*

*Pub. Highway Auth.,* 109 P.3d 604, 608 (Colo. 2005).  Magistrate Judge Tafoya

correctly found that claim preclusion applies to a dismissal with prejudice.

(Recommendation at 7) (citing *Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322,

324, 327 (1955); *Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir.

1986)).  Moreover, there is identity of parties as Plaintiff seeks to assert claims against

the same person it previously agreed to dismiss with prejudice.  (*Id.*)

Plaintiff disputes, however, the second and third elements—identity of subject

matter and identity of claims for relief.  The claims in the proposed Second Amended

Complaint clearly, however, relate to the same subject matter as the original complaint,

as they relate to the property that was purchased by Plaintiff from the Lesters.  *Argus*

*Real Estate*, *Inc. v. E-470 Public Highway Auth.*, 109 P.3d 604, 609 (Colo. 2005)

(finding that there was no question that there was identity of subject matter as both the

original litigation and the new action involved the same parcel of land and the same

agreement).  Plaintiff argues, however, that there is no identity of the claims because

this requires that the claims be tied by the same injury, citing *Argus*.  Plaintiff asserts

that its injury in connection with the water rights is different than its injury regarding the

easement and acreage at issue in the original complaint.  As Magistrate Judge Tafoya

correctly recognizes, however, claims are tied by the same injury "where they concern

'all or any part of the transaction, or series of connection transaction, out of which the

[original] action arose." *Loveland Essential Group, LLC v. Grommon Farms, Inc.*, 318 P.3d 6, 10 (Colo. App. 2012) (quoting *Argus*, 109 P.3d at 609).

Here, I agree with Magistrate Judge Tafoya that the claims are tied by the same injury because they concern the transactions involving the land that was purchased by Plaintiff from the Lesters and the representations/ omissions that were made in connection with same.  As Magistrate Judge Tafoya notes:

> . . .the conveyance of water rights was undoubtedly part of one series of real estate transactions.  Plainly, the conveyance of land, water rights, and an access easement were separate conveyances included in a larger real estate transaction. Indeed, the land and water rights were conveyed by warranty deed and quitclaim deed, respectively, on the very same day.

(Recommendation at Proposed 8) (citing to the proposed Second Amended Compl., Exs. F & G.)

Finally, Plaintiff argues that a dismissal following a settlement should not have claim preclusion effects as to unknown claims or claims that could not have been known at the time of the settlement.  I also reject this argument.  As part of the settlement agreement, Plaintiff released actual and potential claims it could have brought in the litigation, which would include the proposed claims at issue.  Absent fraud in the securing of and/or execution of the settlement, the fact that Plaintiff did not know of the claims at the time the settlement is not a basis to set it aside.  *Goff*, 181 P.2d at 462.  As previously noted, Plaintiff did not allege any facts which show fraud in connection with the settlement, nor did it seek to rescind the settlement agreement.  While Plaintiff argues that a release may be set aside where the injury for which one seeks relief is different from the injury understood to exist at the time of the release, the case it cites to

support that argument is inapposite as it held that a release may be set aside if it is the result of a mutual basic mistake. *Scotten v. Landers*, 543 P.2d 64, 66 (Colo. 1975). Here, Plaintiff has not argued or shown a mutual mistake.

I find all elements of claim preclusion are satisfied and that Magistrate Judge Tafoya's recommendation to deny Plaintiff Meeper, LLC's <u>Resubmitted</u> Motion for Leave to File Second Amended Complaint should be affirmed. I also affirm the recommendation to deny Plaintiff's motion to supplement.

III.   <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge filed July 28, 2015 (ECF No. 186) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff Meeper, LLC's <u>Resubmitted</u> Motion for Leave to File Second Amended Complaint (ECF No. 145) is **DENIED.** It is

FURTHER ORDERED that Plaintiff Meeper, LLC's Motion for Leave to Supplement Its Reply in Support of its Resubmitted Motion for Leave to File Second Amended Complaint with the Declaration of Water Layer Stephen H. Leonhardt (ECF No. 155) is **DENIED**.

Dated:  February 1, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge

-10-